UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS JOSE QUIROZ LOPEZ,
A-241-913-121,

            Petitioner,

    v.

TODD M. LYONS, et al.,

            Respondents.

No.  1:26-cv-0998-DC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Carlos Jose Quiroz Lopez was re-detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

**I.    Background**

Petitioner is a citizen and national of Nicaragua who entered the United States on October 2, 2022, fleeing persecution. (See ECF No. 1 at 2; ECF No. 1-2 at 10.) Under the petition's allegations, he was paroled under INA § 212(d)(5) for urgent humanitarian reasons on October 7, 2022, by Department of Homeland Security (DHS), without being placed in removal proceedings. (Id.) Petitioner filed an I-589, Application for Asylum, Withholding of Removal and protection under the Convention Against Torture (CAT) within the statutory one-year filing deadline. (Id.)

1

There is no evidence he has any criminal history in the United States or elsewhere. (See ECF No. 1-2 at 7-8.) Petitioner is married with extended family in the United States. (Id.)

Petitioner alleges ICE abruptly detained him on October 7, 2025, at a routine check-in, and without any change in his case that makes him a flight risk or danger. (ECF No. 1 at 2-3.) Petitioner was denied bond and subjected to mandatory detention. (ECF No. 1-2 at 15-16.)

Proceeding through counsel, petitioner filed a motion for temporary restraining order and the pending petition on February 4, 2026. (ECF Nos. 1, 2.) Petitioner brings three claims for relief: (1) Violation of Substantive Due Process; (2) Violation of Procedural Due Process; and (3) Violation of Due Process and the Administrative Procedure Act. (ECF No. 1.)

On February 9, 2026, the district judge assigned to this case granted petitioner's motion for temporary restraining order, and entered a preliminary injunction, finding respondents had not identified any provision of law or fact that would substantively distinguish this case from the decisions granting relief in Labrador-Prato v. Noem, No. 1:25-CV-01598-DC-SCR (HC), --- F. Supp. 3d ---, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, --- F. Supp. 3d ---, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). (ECF No. 8.)

On February 24, 2026, the undersigned ordered pursuant to 28 U.S.C. § 2243 that respondents could file an answer to the petition within seven days, but that if no answer was filed, the matter would be deemed submitted. (ECF No. 10.) The matter is submitted without any further briefing filed.

Respondents assert that despite being previously released in the discretion of DHS, petitioner remains an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 7 at 1.) Respondents ask the court to hold the decision on the petition in abeyance to wait for the resolution of pending Ninth Circuit appeals which could bear on this case. (Id. at 3.) Respondents do not dispute any of the petitioner's allegations regarding his lack of criminal history, lack of material change in his case prior to his re-detention, or status of his immigration proceedings.

////

## II.    Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    Discussion

Respondents do not directly address petitioner's due process claim, which has merit, as reflected by the preliminary injunctive relief already afforded. The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."). "[Noncitizens], even [those] whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." Plyler v. Doe, 457 U.S. 202, 210 (1982).

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

As many district courts confronted with similar circumstances have found, petitioner has a clear interest in his continued freedom. See, e.g., Rico-Tapia v. Smith, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) ("Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."). Petitioner was previously paroled in the discretion of DHS and this parole implied a promise that he would not

be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972)). Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); D.L.C. v. Wofford, 2026 WL 25511, at *4. Respondents' argument that petitioner is subject to mandatory detention under § 1225(b)(1) does not change this analysis. See B.D.S. v. Warden of Mesa Verde Det. Facility, No. 1:25-CV-02032-TLN-CSK, 2026 WL 82344, at *3 (E.D. Cal. Jan. 12, 2026).

To determine what procedures are necessary to ensure any deprivation of that protected liberty interest accords with the Constitution, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

The first Mathews factor favors petitioner because an individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011); see also Zadvydas, 533 U.S. at 690 ("Freedom from… detention… lies at the heart of the liberty [the Due Process] Clause protects"). The government's actions in releasing petitioner into the United States and allowing him to reside at liberty for years supports finding a strong private interest for petitioner. See Doe v. Becerra, 787 F. Supp. 3d at 1093. Petitioner has a significant private interest at stake.

Considering the second Mathews factor, the risk of erroneous deprivation is great given the record indicates petitioner did not receive any hearing, whether pre- or post-detention. See Labrador-Prato, 2025 WL 3458802, at *5. Petitioner was detained for several months without being provided a bond hearing before an immigration judge to evaluate his dangerousness and/or flight risk. The probable value is high for additional procedural safeguards, including a bond hearing, which should have occurred before petitioner was detained. See Tinoco v. Noem, 2025 WL 3567862 at *6.

////

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws, but the government's interest in re-detaining petitioner without procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Respondents provided no evidence warranting petitioner's re-detention without a hearing. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors strongly favor petitioner. The petition should be granted and the preliminary injunctive relief already ordered be made permanent, based on a finding that respondents violated petitioner's Fifth Amendment due process rights when he was re-detained without a hearing. Because resolution in this manner provides the relief requested, the court need not reach the other claims.

If adopted, these findings and recommendations would resolve the pending habeas petition on its merits. No further briefing is necessary. Accordingly, respondents' request for a stay pending the resolution of other cases should be denied.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Respondents' request for a stay be denied.

2. Petitioner's application for a writ of habeas corpus (ECF Nos. 1) be granted.

3. The preliminary injunctive relief previously granted (ECF No. 8) be made permanent.

4. The Clerk of Court be directed to enter judgment for petitioner CARLOS JOSE QUIROZ LOPEZ, A 241-913-121, and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure

to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lope098.mer

6